# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### October 16, 2001 Session

## CHARLES WILLIAM YOUNG v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County**
**No. 12722     Charles Lee, Judge**

---

**No. M2000-02007-CCA-MR3-PC - Filed September 27, 2002**

---

The appellant, Charles WilliamYoung, was convicted in a jury trial of the offense of theft over $500. He was sentenced to one year and six months and ordered to serve 60 days of incarceration, to pay a $500 fine and restitution of $800. The appellant's probation was revoked for the first time in 1997, but he was again placed on probation for 18 months. Two years later his probation was again revoked and the appellant was ordered to serve his original sentence with 94 days of jail credit. He subsequently filed a petition for post-conviction relief, or in the alternative, a writ of habeas corpus and alleged inter alia that a number of alleged constitutional errors occurred at both probation revocation hearings. The trial court summarily dismissed the petition.

We hold that the Post-Conviction Procedures Act, Tennessee Code Annotated Section 40-30-201, et seq., does not provide a cause of action for a collateral attack on a probation revocation proceeding. Moreover, the appellant's allegations, taken as true, would at most render the results of the probation revocation proceedings voidable, not void, and therefore the writ of habeas corpus is not available to the appellant. The judgment of the trial court is therefore affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID H. WELLES, JJ., joined.

William J. Eledge, Lawrenceburg, Tennessee, for the appellant, Charles William Young.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; Mike McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General for the appellee, State of Tennessee.

**OPINION**

The appellant has presented this Court with an appeal from the denial of a post-conviction/habeas corpus proceeding which collaterally attacks on constitutional grounds, two probation revocation proceedings that ultimately resulted in the appellant being ordered to serve his original eighteen-month sentence in confinement. This Court ordered that the parties address the question of whether a post-conviction proceeding may be utilized to attack collaterally alleged constitutional deprivations occurring at a probation revocation hearing.

The appellant maintains that the Post-Conviction Procedure Act, Tennessee Code Annotated Section 40-30-201, et seq., is an appropriate vehicle for a collateral attack on probation revocation proceedings. The appellant then goes on to raise seven alleged constitutional violations concerning either and/or both of his probation revocation proceedings. The State initially agreed that post-conviction proceedings were available to attack a probation revocation proceeding, but the State maintained that the issues raised in the instant case did not merit relief. Subsequently, with the permission of this Court, the State withdrew its original brief and filed one arguing that the Post-Conviction Procedures Act does not contemplate a probation revocation as a proceeding subject to attack under the act. The State further maintains that because this is so the appellant's remaining issues may not be considered by this Court.

Scope of the Post-Conviction Procedures Act

Section 40-30-203 of the Post-Conviction Procedures Act provides:

> Relief under this part shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States.

(emphasis supplied)

Thus, under the act, the subject of the collateral attack must either be the conviction itself or the sentence. It is clear that the appellant in the instant case is not attacking his conviction. Rather, as noted above, he is complaining of alleged constitutional violations that he asserts render the order revoking probation void or voidable.

Therefore, the question in this case is whether an order revoking probation and mandating that the sentence originally imposed be carried out is a "sentence" itself subject to collateral attack under the post-conviction act. This appears to be a question of first impression in this state. For the following reasons, we hold that such an order is not a "sentence" subject to collateral attack under the provisions of the Tennessee Post-Conviction Procedures Act.

<u>Suspended Sentence and Probation</u>

Eligibility of a criminal defendant for suspension of sentence and probation is governed by Tennessee Code Annotated Section 40-35-303. Subsection (c) of that statute provides:

> If the court determines that a period of probation is appropriate, the court shall sentence the defendant to a specific sentence but shall suspend the execution of all or part thereof and place the defendant on supervised of unsupervised probation either immediately or after a period of confinement for a period of time no less than the minimum sentence allowed under the classification and up to and including the statutory maximum time for the class of the conviction offense.

It thus appears that the "sentence" a criminal defendant receives is the period of time that the defendant could be incarcerated. In contrast, an order revoking suspension of sentence or probation typically ends the period of suspension of the execution of the original term and mandates that the original sentence be carried out. <u>See</u> Tenn. Code Ann. § 40-35-310, 311. But it cannot be said that the order revoking suspension of sentence and probation imposes a new sentence subject to collateral attack under the Tennessee Post-Conviction Procedures Act. Accord, <u>O'Haren v. State</u>, 927 S.W.2d 447, 451 (Mo. Ct. App. 1996) (holding that language in Missouri court rule similar to that in Sec. 40-30-203 does not allow for post-conviction attack on probation revocation).

The Tennessee Supreme Court case of <u>Van Tran v. State</u>, 6 S.W.3d 257 (Tenn. 1999); although not directly on point to the issue here, is nevertheless, instructive. In <u>Van Tran</u>, the supreme court was faced with the issue of what is the appropriate procedural mechanism in a capital case to raise the question of the defendant's competence at the time of his impending execution.[1] The Court established a new procedure for determining competency to be executed finding that the Post-Conviction Act did not contemplate such a proceeding. The Court stated:

> Post-Conviction relief is granted when a prisoner's conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Tennessee or United States Constitution. See Tenn. Code Ann. § 40-30-203 (1997). As the trial court in this case recognized, the fact that a petitioner's present mental condition bars execution does not render the prisoner's conviction or sentence void

---

[1]The United States Supreme Court held in <u>Ford v. Wainwright</u>, 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986); that the Eighth Amendment to the United States Constitution prohibits the execution of the mentally incompetent.

or voidable. Instead it simply prevents the State from carrying out the sentence until the prisoner's competence is restored. A prisoner's competency to be executed is a question independent of the validity of trial and sentencing, and as such, not within the contemplation of the Act.

Furthermore, the one-year statute of limitations for actions under the Post-Conviction Act, see Tenn. Code Ann. § 40-30-202(a) (1997), indicates that the General Assembly did not contemplate that post-conviction relief would be available in this circumstance. The issue of competency to be executed may arise long after the one-year statute has expired and, in fact, is generally not considered ripe until execution is imminent.

Id. at 263. ((citation omitted) (emphasis supplied))

Similarly, the question of the validity of a proceeding to revoke suspension of sentence and probation is independent of the validity of trial and sentencing. Also like competence, the issue of the validity of a revocation proceeding may often arise long after the running of the one-year statute of limitation for post-conviction attack on the conviction and original sentence. A separate time table for collateral attack on revocation proceedings would also mean the filing of more than one post-conviction proceeding with respect to a single prosecution a situation the General Assembly clearly sought to avoid. See Tenn. Code Ann. § 40-30-202(c). (This part contemplates the filing of only one (1) petition for post-conviction relief.)

It is true that this Court has in the past entertained on the merits post-conviction proceedings arising out of probation revocation cases. See, e.g., Massey v. State, 929 S.W.2d 399 (Tenn. Crim. App. 1996); State v. Samuel K. Robinson, No. M1999-00559-CCA-MR3-PC, 2001 WL 839639 (Tenn. Crim. App. July 25, 2001); Richard Janak v. Charles Jones, Warden, et. al, No. 01C01-9609-CC-00390, 1997 WL 576491 (Tenn. Crim. App. Sept. 18, 1997); Richard Kiser v. State, No. 01C01-9503-CC-00071-00082, 1995 WL 715510 (Tenn. Crim. App. Dec. 6, 1995). In these cases however the question of whether the Post-Conviction Act applied to probation revocation was not addressed by the parties or the Court. These cases therefore do not stand for a contrary position to that announced by the Court today.

We therefore hold that the Tennessee Post-Conviction Procedures Act does not permit the filing of a petition under its provisions to attack collaterally the validity of a proceeding to revoke the suspension of sentence and/or probation. The trial court therefore correctly dismissed the petition for post-conviction relief in this case and that judgment is affirmed.

-4-

## Writ of Habeas Corpus

The petition is this case is alternatively styled as a petition for the writ of habeas corpus. Habeas Corpus review is governed in Tennessee by Tennessee Code Annotated Section 29-21-101. Unfortunately for the appellant herein that act permits collateral attacks only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a sentence of imprisonment or other restraint has expired. Wyatt v. State, 24 S.W.3d 319 (Tenn. 2000).

Neither of these scenarios is presented in this case. The judgments revoking probation appear valid on their face. This Court does not have a transcript of the probation revocation proceedings before us and we must therefore presume the actions of the trial judge to be correct. See State v. Oody, 823 S.W.2d 554 (Tenn. Crim. App. 1991). Therefore, the trial court also properly dismissed the petition in so far as it might be considered a petition for the writ of habeas corpus.

## Conclusion

In light of the foregoing the judgment of the trial court is AFFIRMED.

                                    _____

                                    JERRY L. SMITH, JUDGE