IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 21, 2004

## ERIC T. DAVIS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Montgomery County**
**Nos. 37362A, 38578   John H. Gasaway, III, Judge**

———————

**No. M2003-02138-CCA-R3-PC - Filed August 5, 2004**

———————

The petitioner, Eric T. Davis, pled guilty to robbery, and the trial court sentenced him to six years probation. The petitioner subsequently pled guilty to possession of cocaine with the intent to sell, and the trial court sentenced him to eight years probation, to be served consecutively to his prior sentence. The petitioner's probation was revoked in both cases. He appealed the trial court's order revoking his probationary sentences, and this court affirmed the revocation of his probation. Thereafter, the petitioner filed a *pro se* petition for post-conviction relief in which he alleged, among other things, that he was denied effective assistance of counsel at his probation revocation hearing. The post-conviction court summarily dismissed the petition, holding the petitioner failed to assert a colorable claim for post-conviction relief. After reviewing the record and applicable law, we conclude that the post-conviction court was correct in summarily dismissing the petition. Accordingly, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, SP. J., delivered the opinion of the court, in which JOSEPH M. TIPTON, J., joined. ROBERT W. WEDEMEYER, J., not participating.

Eric T. Davis, Nashville, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Arthur F. Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

## I. Underlying Proceeding

The probation violation warrant alleged the petitioner had incurred new state and federal charges while on probation. The only evidence presented at the revocation hearing was the testimony of an informant who testified about the drug transaction which formed the basis of the federal charge.

The trial court found the state had established that the petitioner unlawfully sold cocaine and revoked the petitioner's probation. This court affirmed on appeal. *See* State v. Eric T. Davis, No. M2002-00035-CCA-MR3-CD, 2002 Tenn. Crim. App. LEXIS 1100 (Tenn. Crim. App. Dec. 20, 2002), *perm. to app. denied* (Tenn. 2003).

Subsequently, the petitioner sought post-conviction relief, alleging: (1) there was insufficient evidence to revoke his probation; (2) the trial court relied on inadmissible evidence; (3) the trial court improperly denied his request for a continuance; and (4) he received ineffective assistance of counsel. The petitioner filed an amended petition alleging his counsel failed to protect his right to a speedy trial at the revocation hearing. Subsequently, the post-conviction court dismissed the petition without a hearing, finding the petitioner failed to state a colorable claim. On appeal, the petitioner contends the trial court erred by summarily dismissing his petition.

## II. Analysis

Because the question before us is a question of law, our review is *de novo*. Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002); Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001).

The petitioner has not stated a colorable claim for relief. A petitioner may not collaterally attack a probation revocation proceeding under the Post-Conviction Procedure Act. Young v. State, 101 S.W.3d 430, 433 (Tenn. Crim. App. 2002) (published upon recommendation of the Tennessee Supreme Court). The validity of a proceeding to revoke suspension of a sentence and probation is independent of the validity of the conviction and sentencing. *Id*. at 432. An order revoking probation merely ends the probationary term and reinstates the old sentence. *Id*. Because an order revoking probation does not impose a new sentence, it is not a sentence that may be challenged under the Post-Conviction Procedure Act. *Id*.; *see* Carpenter v. State, 136 S.W.3d 608, 611 (Tenn. 2004).

In accordance with the foregoing authorities and reasoning, we AFFIRM the judgment of the post-conviction court.

_____
JOE G. RILEY, SPECIAL JUDGE