IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## JOHNNY PROFFITT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sumner County**
**No. 761-2003   Jane W. Wheatcraft, Judge**

---

**No. M2003-02953-CCA-R3-PC - Filed October 11, 2004**

---

The Petitioner, Johnny Proffitt, appeals the trial court's dismissal of his petition for post conviction relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner cannot collaterally attack his probation revocation order. Moreover, the petitioner filed his petition outside the statute of limitations.  Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, J., and JERRY L. SMITH, J., joined.

Johnny Proffitt, pro se.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General, for the appellee, State of  Tennessee.

### MEMORANDUM OPINION

This matter is before the court upon motion of the appellee, the State of Tennessee, to affirm the judgment in this case pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The petitioner is appealing the trial court's dismissal of his petition for post-conviction relief, following the revocation of his probation.

On July 15, 1991, the petitioner pled guilty to third degree burglary, theft over $10,000, and arson of a structure.  Petitioner was sentenced to two years at 35% on the burglary conviction, six years at 35% on the theft conviction, and six years at 35% on the arson conviction.  The two year sentence for burglary was consecutive to the two six year sentences, which ran concurrently, for a total effective sentence of eight years.  The petitioner was ordered to serve one year in confinement

prior to being placed on supervised probation. On April 30, 2003, the trial court revoked petitioner's probation as to his theft and arson convictions and ordered petitioner to serve the concurrent sentences of six years at 35%, with credit for the year petitioner served prior to probation and the time he had served following the probation revocation. Petitioner filed a petition for post-conviction relief on September 11, 2003, attempting to challenge the trial court's order revoking his probation. The trial court dismissed the petition for post-conviction relief on November 10, 2003, finding that the petitioner had failed to assert a colorable claim for post-conviction relief.

The petitioner filed his post-conviction petition in an attempt to challenge the trial court's order revoking his probation as to his 1991 theft and arson convictions. The petitioner is not entitled to post-conviction relief under Tenn. Code Ann. § 40-30-101 et seq., from a probation revocation order, as this court held in Young v. State, 101 S.W.3d 430 (Tenn. Crim. App. 2002). This court specifically held in Young that " the Tennessee Post-Conviction Procedure Act does not permit the filing of a petition under its provisions to attack collaterally the validity of a proceeding to revoke the suspension of sentence and/or probation." As the Young Court explained, an order revoking suspension of sentence and probation does not impose a new sentence subject to collateral attack for post-conviction purposes. Thus, the trial court properly dismissed the petitioner's post-conviction petition. Further, to the extent the petitioner was attempting to challenge his underlying conviction and sentence, the statute of limitations had long since expired, and the trial court's order revoking probation did not toll or cause the statute of limitations to begin to run anew. See Young v. State, 101 S.W.3d at 432-33.

Accordingly, the state's motion to affirm is hereby granted. The judgment is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Because the appellant is indigent, costs are taxed to the State.

_____
ROBERT W. WEDEMEYER, JUDGE