IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## DONZEL A. WATSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 99-D-2451    Cheryl A. Blackburn, Judge**

———————

**No. M2003-02273-CCA-R3-PC - Filed October 13, 2004**

———————

The Petitioner, Donzel A. Watson, appeals the trial court's dismissal of his petition for post conviction relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner filed his petition outside the statute of limitations. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, J., and JERRY L. SMITH, J., joined.

Lonnie E. Maze, III, for the appellant.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

This matter is before the court upon motion of the appellee, the State of Tennessee, to affirm the judgment in this case pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petitioner is appealing the trial court's dismissal of his petition for post-conviction relief, following the revocation of his probation.

On March 24, 2000, the petitioner pled guilty to aggravated burglary and vandalism. On September 20, 2002, the trial court revoked petitioner's probation. Petitioner filed a petition for post-conviction relief on March 10, 2003, attempting to challenge his convictions by guilty plea on March 20, 2000. The trial court initially determined that petitioner's petition was timely filed because the petitioner's sentence was not placed in effect until September 20, 2002. The trial court then appointed counsel. The State filed a motion to dismiss, clarifying that the petitioner pled guilty

on March 24, 2000, and the trial court revoked the petitioner's probation on September 20, 2000. The trial court ultimately determined that the petition was untimely, as it was filed more than one year after the petitioner's guilty plea on March 24, 2000. The court further found that the probation revocation did not toll the time for filing a post-conviction petition.

Tennessee Code Annotated Section 40-30-102(a) provides that a petition for post-conviction relief must be filed within one year from final judgment. The appellant filed his petition beyond the time allowed by the statute, and none of the enumerated exceptions to this time limit apply in this case. See Tenn. Code Ann. § 40-30-102(b). Under the Post-Conviction Procedure Act, exceptions to the statute of limitations are explicitly set forth, *i.e.,* (1) claims based upon a new rule of constitutional law applicable to a petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. See Tenn. Code Ann. § 40-30-102(b)(1)-(3) (2003 Repl.). Petitioner has failed to assert one of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. See Tenn. Code Ann. § 40-30-106(g) (2003 Repl.). Moreover, the petitioner's probation revocation did not give rise to a claim for post-conviction relief or a rerunning of the one year statute of limitations. See Young v. State, 101 S.W.3d 430 (Tenn. Crim. App. 2002) explaining that an order revoking suspension of sentence and probation does not impose a new sentence subject to collateral attack under the Tennessee Post-Conviction Procedure Act. As the court contemplated in Young, the revocation of probation may occur long after the one-year statute of limitations has expired for attack of the conviction and original sentence, id. at 432, which is precisely what occurred in this case.

Petitioner argues that the statute of limitations should be tolled by due process considerations pursuant to State v. Williams, 44 S.W.3d 464 (Tenn. 2001). Petitioner cites to Williams and states that "[w]here circumstances beyond the petitioner's control preclude him from actively raising his post-conviction claims, the statute of limitations should be tolled." Specifically, petitioner contends that his trial counsel misrepresented the strength of the State's witnesses in order to get him to plead guilty, failed to investigate any defenses he might have, and failed to inform him of lesser included offenses he could have received. Petitioner argues that he "did not realize trial counsel's misrepresentations until after his probation was revoked and he was sent to the Tennessee Department of Correction." Petitioner urges that as a result, his due process rights were violated and the statute of limitations should be tolled. Notwithstanding petitioner's attempt to bring his case under the umbrella of due process tolling contemplated by Williams, the facts of this case simply do not warrant tolling. The misrepresentations by counsel in Williams made it impossible for that petitioner to file his post-conviction petition because petitioner believed his direct appeal was ongoing. Id. at 470-71. In this case, petitioner gives no explanation as to why he could not have filed his petition, but rather simply states that he did not learn of misrepresentations made prior to his guilty plea until after his probation was revoked. The petitioner fails to assert any circumstances that were beyond his control that precluded him from actively raising his post-conviction claims. Accordingly, tolling does not apply, and the judgment of the trial court dismissing the post-conviction petition should be affirmed.

The state's motion to affirm is hereby granted. The judgment is affirmed in accordance with

Rule 20, Rules of the Court of Criminal Appeals.  Because the appellant is indigent, costs are taxed to the State.

_____

ROBERT W. WEDEMEYER, JUDGE