IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## JEREMY WAYNE HUMPHREY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sumner County
No. 92-2004; 333-1999   Jane W. Wheatcraft, Judge**

**No. M2004-00454-CCA-R3-PC - Filed October 26, 2004**

The Petitioner, Jeremy Wayne Humphrey, appeals the trial court's dismissal of his petition for post conviction relief or in the alternative for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner filed his petition outside the statute of limitations for post-conviction purposes. Further, the petitioner does not state any cognizable habeas corpus claims. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Jeremy Wayne Humphrey, pro se.

Paul G. Summers, Attorney General & Reporter; Elizabeth Ryan, Assistant Attorney General, for the appellee, State of  Tennessee.

### MEMORANDUM OPINION

        This matter is before the court upon motion of the appellee, the State of Tennessee, to affirm the judgment in this case pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petitioner is appealing the trial court's dismissal of his petition for post-conviction relief or in the alternative for habeas corpus relief, following the revocation of his probation.

        Petitioner filed a petition for post-conviction relief or in the alternative for habeas corpus relief in the Sumner County Criminal Court on January 16, 2004. The trial court treated the petition as one for post-conviction relief and denied it on January 28, 2004, finding it was filed outside the statute of limitations. The record before this court does not contain a copy of the judgment entered

upon petitioner's conviction. There is evidence in the record that the petitioner was charged with two counts of aggravated assault and one count of domestic assault in 1999. It appears that on June 7, 2002, petitioner pled guilty to probation violation, and the trial court imposed the original sentence. Petitioner asserts that the original sentence was a six-year sentence.

Petitioner filed a pro se petition for post-conviction relief or in the alternative for habeas corpus relief alleging that he is actually innocent, his counsel was ineffective, and he did not knowingly and voluntarily enter his guilty plea. The petitioner's claims are proper for a post-conviction petition, but not a petition for habeas corpus relief; therefore, the trial court was correct in treating the petition as one for post-conviction relief. Tennessee Code Annotated Section 40-30-102(a) provides that a petition for post-conviction relief must be filed within one year from final judgment. The record in this case does not contain a copy of the judgment. However, we do know that the petitioner was indicted in May 1999 and his probation was revoked on June 7, 2002. Therefore, the petitioner was convicted and the judgment entered between May 1999 and June 7, 2002. The petitioner did not file his petition until January 16, 2004. Petitioner clearly filed his petition beyond the time allowed by the statute, and none of the enumerated exceptions to this time limit apply in this case. See Tenn. Code Ann. § 40-30-102(b).

Under the Post-Conviction Procedure Act, exceptions to the statute of limitations are explicitly set forth, *i.e.,* (1) claims based upon a new rule of constitutional law applicable to a petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. See Tenn. Code Ann. § 40-30-102(b)(1)-(3) (2003 Repl.). Petitioner has failed to assert one of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. See Tenn. Code Ann. § 40-30-106(g) (2003 Repl.). Moreover, the petitioner's probation revocation did not give rise to a claim for post-conviction relief or a rerunning of the one year statute of limitations. See Young v. State, 101 S.W.3d 430 (Tenn. Crim. App. 2002) explaining that an order revoking suspension of sentence and probation does not impose a new sentence subject to collateral attack under the Tennessee Post-Conviction Procedure Act. In any event, petitioner filed his petition more than one year after the revocation of his probation. Petitioner's petition for post-conviction relief is clearly barred by the statute of limitations.

Finally, petitioner's request that his petition be treated as one for habeas corpus relief is also without merit. Petitioner's claims are not cognizable habeas corpus issues. Further, the petitioner did not comply with the statutory requirements for pursuing a writ of habeas corpus. The petitioner failed to attach a copy of his underlying judgment or to address his failure to do so, as required by Tenn. Code Ann. § 29-21-107(2). "Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993)(citing Bateman v. Smith, 194 S.W.2d 336, 337 (Tenn. 1946)). Moreover, an application for habeas corpus relief "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Tenn. Code Ann. § 29-21-105. The appellant is incarcerated in the Northwest

2

Correctional Complex in Lake County in West Tennessee. However, he filed his petition in Sumner County, which is located in Middle Tennessee. Petitioner did not comply with the mandatory statutory provisions in filing a petition for the writ of habeas corpus; therefore, the lower court was correct in treating the petition as one for post-conviction relief.

Accordingly, the state's motion to affirm is hereby granted. The judgment is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Because the appellant is indigent, costs are taxed to the State.

_____
DAVID H. WELLES, JUDGE