# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## JESSE DAVID TEASLEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 72732, 77805     Mary B. Leibowitz, Judge**

**No. E2003-03040-CCA-R3-PC - Filed March 1, 2005**

The petitioner, Jesse David Teasley, appeals the trial court's denial of his motion to withdraw his guilty plea, request for writ of error coram nobis, and petition for post-conviction relief. The state has filed a motion requesting that this Court affirm the trial court's action pursuant to Rule 20, Rules of the Court of Criminal Appeals. The trial court properly denied relief as the pleadings were untimely filed and without merit. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Jesse David Teasley, Wartburg, Tennessee, pro se.

Paul G. Summers, Attorney General & Reporter; Michelle Chapman McIntire, Assistant Attorney General; Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In March 2000, the petitioner pleaded guilty to two counts of theft of property valued over $ 500. The trial court sentenced him to serve concurrent two-year sentences for the convictions. On October 4, 2000, the petitioner was placed on determinate release probation by the Tennessee Board of Probation and Parole. On May 22, 2001, the petitioner was sentenced to four years for aggravated assault. The trial court ordered that the sentence be served on enhanced probation and consecutively to the petitioner's sentences for theft. No direct appeals were taken in either case. On October 12, 2001, the petitioner's probation in both cases was revoked and he was ordered to serve his sentences in custody. However, in March 2002, the petitioner was again placed on determinate release probation. On July 26, 2002, following a hearing, the trial court revoked the petitioner's probation and ordered that he serve the effective six-year sentence in prison. The trial court's judgment was affirmed on appeal. See Jesse David Teasley v. State, No. E2002-02011-CCA-R3-CD (Tenn. Crim. App. Mar. 27, 2003).

On July 29, 2003, the petitioner filed a petition for relief from conviction or sentence in which he asserted that he received ineffective assistance of counsel at his probation revocation hearing. Specifically, the petitioner alleged that counsel failed to provide medical records which the petitioner asserts would have established that the petitioner was unable for medical reasons to provide a urine sample for drug testing, one of three violations supporting the revocation of his probation. The trial court construed the petition as a motion for reduction of sentence and dismissed the petition, finding that it was filed beyond the 120 day statute of limitations. See Tenn. R. Crim. P. 35(b). The petitioner filed a motion to reconsider, asserting that his petition was filed within the one-year limitations period for seeking post-conviction relief. The trial court granted the motion to reconsider.

On October 15, 2003, the petitioner filed a motion to withdraw his guilty plea and requesting coram nobis relief. The petitioner sought to withdraw his guilty plea to the aggravated assault offense, asserting that his sentence upon this conviction was enhanced because he violated an order of protection that was invalid and of which he had no knowledge. On December 11, 2003, the trial court denied relief, finding that the sentence was not enhanced as a result of violation of an order of protection, but because he was on release at the time of the assault and as the result of his long history of criminal conduct. The trial court further noted that the sentence was imposed pursuant to the petitioner's plea agreement. The instant appeal followed.

Before this court, the petitioner continues to challenge his guilty plea to the aggravated assault offense as involuntary and adds that the offense itself was "enhanced" from simple assault to aggravated assault based on an order of protection that was never served on him. A defendant may attempt to withdraw a guilty plea before sentencing or, "to correct manifest injustice," after sentencing but before the judgment becomes final. Rule 32(f), Tenn. R. Crim. P. A trial court's judgment as a general rule becomes final thirty days after its entry. After the trial court loses jurisdiction, generally it retains no power to amend a judgment. The judgment for the aggravated assault conviction is not included in the record before us. However, both the petitioner in his pleadings and the trial court in its order denying relief recite that the petitioner was sentenced on May 22, 2001, to four years as a Range I, standard offender by agreement, with the sentence to be served consecutively to the sentences for the theft convictions. No direct appeal was taken and, accordingly, judgment became final on June 21, 2001. The petitioner's attempt to withdraw his guilty plea was not filed until over two years later. The petitioner's alternative request for relief through a writ of error coram nobis also came too late. Pursuant to Tennessee Code Annotated, a petition for writ of error coram nobis must be filed within one year of the date the judgment becomes final. See T.C.A. 27-7-103. The petitioner's initial petition for post-conviction relief, in which he claimed ineffective assistance of counsel at the probation revocation proceedings, was filed well beyond the one-year statute of limitations and is similarly time-barred. See T.C.A. 40-30-102(a). Moreover, this court has held that "the Tennessee Post-Conviction Procedures Act does not permit the filing of a petition under its provisions to attack collaterally the validity of a proceeding to revoke the suspension of sentence and/or probation." State v. Young, 101 S.W. 3d 430, 433 (Tenn. Crim. App. 2002).

The petitioner concedes that he pleaded guilty to aggravated assault and was sentenced pursuant to the terms of his plea agreement. There is nothing in the record to support the petitioner's claim that his guilty plea was involuntary. The trial court properly denied the relief sought by the petitioner.

Accordingly, the state's motion for summary affirmance is granted and the judgment of the court below is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOSEPH M. TIPTON, JUDGE