IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 29, 2009

## MICHAEL JOSEPH GRANT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Bradley County**
**No. M-08-267      Carroll L. Ross, Judge**

_____

**No. E2008-02161-CCA-R3-PC - Filed December 1, 2009**

_____

The Petitioner, Michael Joseph Grant, appeals the dismissal of his petition for post-conviction relief from his aggravated burglary and theft convictions for which he received an effective four-year suspended sentence and from the revocation of his probation. He entered pleas of guilty to aggravated burglary and theft and was sentenced to four years, which was suspended. His petition for post-conviction relief asserted that his pleas of guilty were involuntary and unknowing, that his confession was coerced, that the State failed to provide immunity to him, that law enforcement personnel conspired to violate his right to due process, and that the trial court erred in revoking his probation. The post-conviction court dismissed the petition, and the Petitioner filed an untimely appeal. On appeal, the Petitioner contends, and the State agrees, that the post-conviction court erred in dismissing the petition without a hearing. Following our review, we agree and remand for the appointment of counsel and an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Michael Joseph Grant, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; Robert Steve Bebb, District Attorney General; and A. Wayne Carter, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

According to his petition for post-conviction relief, the Petitioner pled guilty on October 8, 2007, to aggravated burglary and theft and was sentenced to four years, with the sentences suspended. On March 3, 2008, following an evidentiary hearing, the trial court revoked the Petitioner's probation. On June 4, 2008, he filed a pro se petition for post-conviction relief.

On a pre-printed form petition for post-conviction relief, the Petitioner checked the boxes indicating that his plea of guilty was involuntarily entered without his understanding of the nature and consequences of the plea and that his "[c]onviction was based on use of coerced confession[;] . . . on use of evidence gained pursuant to an unconstitutional search and seizure[;] . . . on use of evidence obtained pursuant to an unlawful arrest[;] . . . on a violation of the privilege against self-incrimination[;] . . . on the unconstitutional failure of the prosecution to disclose to [the Petitioner] evidence favorable to [the Petitioner]." Additionally, he asserted that he was denied "effective assistance of counsel," that he is in possession of "[n]ewly discovered evidence," and that "[i]llegal evidence" exists. The Petitioner then made the handwritten claim, "true bill obtained by felonious actions of Detective Jimmy Smith – 39-16-403 tampering/fabricating." In "Attached Sheet No. 1," the Petitioner asserted "Prosecutorial Misconduct: General Hatchett failed to provide guaranteed full immunity as provided by an agreement reached between the Petitioner, Detective Carl Maskew and General Steven Hatchett."

On July 8, 2008, the Petitioner filed an affidavit in support of his petition, setting out in twelve pages a chronological and very detailed recount of his arrest, prosecution, and the revocation of his probation. While most of this document does not appear to be relevant to his petition, he does set out the following claim:

> On October 8th, 2007, while in conference with D.A. Carter, the petitioner related the ag[]reement between himself, Maskew and D.A. Hatchett. D.A. Carter responded by contacting Maskew and Hatchett. They denied the terms of the ag[]reement and developed "selective memory loss."
>
> With feelings of hopelessness, despair and victimization the petitioner accepted the plea. The petitioner felt bullied and pressured into the plea by the court[']s denial of Sixth (6th) Amendment right to counsel as well as prosecutorial and law enforcement conspiracy to deprive the petitioner of any and all constitutional right to due process. This all coupled with the criminal activity of Det.(s) Smith and Humble, about w[h]ich the petitioner knows and can prove, left the petitioner fearing for the life and safety of not only himself but his family and loved ones as well. It was under these grounds the petitioner accepted the plea.
>
> As terms of the plea[,] the petitioner was told by D.A. Carter that upon payment of court costs that the petitioner would be placed on "inactive" probation.

Much of the Petitioner's very lengthy affidavit appears to complain about the revocation of his probation and his apparent belief that his counsel at the revocation hearing was ineffective. It appears that the revocation was appealed, but then the appeal was withdrawn, as the affidavit

explained "[t]he petitioner withdrew notice of appeal for the March 3, 2008, hearing only so that post conviction relief could be sought."

The Petitioner concludes his affidavit by claiming that "[i]t is for all the above, a mountainous and monumental deprivation of constitutional and statutorial [sic] rights; oppression; abuse and enslavement – that the petitioner deserves relief in the form of [sic]." The relief he seeks is release on bond; replacement of post-conviction counsel because of an ethics complaint which he filed against counsel; receipt of "full discovery"; recusal of the post-conviction court because of a lawsuit which he filed against the court; replacement of state counsel because of a lawsuit which he filed against the district attorney's office; arrest of judgment; vacation of sentence; and expungement of the record.

## ANALYSIS

On appeal, the Petitioner argues, and the State agrees, that the post-conviction court erred in dismissing his petition without appointing counsel and conducting a hearing. As such, we believe the interests of justice warrant our waiving the requirement for a timely notice of appeal. See T.R.A.P. 4(a).

We review the post-conviction court's dismissal of the petition, as an issue of law, de novo on the record without a presumption of correctness. See Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002). In considering whether a post-conviction petition states a colorable claim for relief, the trial court is to take the facts alleged as true. See T.C.A. § 40-35-206(f) (2006). "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post Conviction Procedure Act." Tenn. S. Ct. R. 28, § 2(H). The petition must disclose the factual basis for any grounds for relief, and a "bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." T.C.A. § 40-30-206(d).

The Petitioner made the majority of his claims by checking boxes on the printed petition for post-conviction relief form beside the various claims which could be made. No amplification was made. However, from the additional language which we have set out the Petitioner claims that his pleas of guilty were coerced and not free and voluntary.

Taking the complaint in the light most favorable to the Petitioner, we conclude that the petition presents a colorable claim at least as to the voluntariness of the Petitioner's pleas of guilty. See Arnold v. State, 143 S.W.3d 784, 786-87 (Tenn. 2004). Thus, the post-conviction court erred in summarily dismissing the petition, and we reverse the order of the post-conviction court and remand for appointment of counsel and an evidentiary hearing.

The Petitioner also complains that the trial court erred in revoking his suspended sentence. However, as this court explained in Young v. State, 101 S.W.3d 430, 433 (Tenn. Crim. App. 2002), "[t]he Tennessee Post-Conviction Procedures Act does not permit the filing of a petition under its

provisions to attack collaterally the validity of a proceeding to revoke the suspension of sentence and/or probation." Thus, a petition for post-conviction relief cannot be used to attack the effectiveness of counsel at such a hearing. See Young v. State, 101 S.W.3d 430, 432 (Tenn. Crim. App. 2002).

In the affidavit supporting his petition and in his appellate brief, the Petitioner asked that upon remand, the post-conviction court be replaced because its "arbitrary actions thus far call for the appointment of alternative judiciary." He also argues, as we understand, that the district attorney general and his staff should be disqualified, asserting that "[t]he only opportunity for the interest of justice to be served is if both Prosecution and Judiciary are substituted." The bases for these requests are the Petitioner's beliefs that the court has been unfair in certain of its rulings and that the Petitioner has filed lawsuits against both the court and the district attorney general. These claims, without more, do not warrant the actions which the Petitioner seeks.

## CONCLUSION

Based on the foregoing and the record as a whole, we reverse the order of the post-conviction court and remand the case for the appointment of counsel and an evidentiary hearing.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE