IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

**RICKY L. HILL v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for McNairy County**
**No. 3564      J. Weber McCraw, Judge**

_____

**No. W2017-02380-CCA-R3-PC**

_____

The pro se Petitioner, Ricky L. Hill, appeals the McNairy County Circuit Court's dismissal of his petition for post-conviction relief. The State has filed a motion requesting that this Court affirm the lower court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Because the Petitioner has failed to establish that he is entitled to post-conviction relief, we conclude that the State's motion is well-taken. Accordingly, we affirm the summary dismissal of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and J. ROSS DYER, JJ., joined.

Ricky L. Hill, Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Mark E. Davidson, District Attorney General; and Lisa Miller, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The sparse record on appeal offers limited information about the details of the Petitioner's offense and conviction. However, it appears that the Petitioner was indicted for theft of property, for which he pleaded guilty in January 2017. At that time, he received a suspended sentence. In February 2017, he failed two drug screens, and his probation officer filed a probation violation report. Following a hearing, the trial court revoked the Petitioner's probation.

Thereafter, the Petitioner filed a pro se petition for post-conviction relief, challenging the revocation of his probation. He asserted that the drug screens were not properly administered or tested, that chain of custody was not established, that counsel in the revocation proceedings was ineffective for failing to attack the validity of the drug tests, and that his counsel had a conflict of interest. The post-conviction court summarily dismissed the petition.

In Young v. State, this Court noted that an order revoking probation ends the probation term and reinstates the original sentence but does not impose a new sentence. 101 S.W.3d 430, 432 (Tenn. Crim. App. 2002). Thus, the Court held that revocation of probation is not a "sentence" that may be challenged pursuant to the Post-Conviction Procedure Act. Id. ("[A]n order revoking suspension of sentence or probation typically ends the period of suspension of the execution of the original term and mandates that the original sentence be carried out.") Because the Act "does not permit the filing of a petition under its provisions to attack collaterally the validity of a proceeding to revoke the suspension of sentence and/or probation," see id. at 433, the post-conviction court correctly dismissed the petition for post-conviction relief and that judgment is affirmed.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury, such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court, therefore, is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

CAMILLE R. MCMULLEN, JUDGE