IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 6, 2018

**JAY R. HASSMAN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. 16-199    Roy B. Morgan, Jr., Judge**

_____

**No. W2018-00784-CCA-R3-PC**

_____

Defendant, Jay R. Hassman, pled guilty to unspecified charges in August of 2016 in exchange for a four-year sentence to be served on probation.  The trial court subsequently revoked Defendant's probation after a hearing and ordered Defendant to serve his original sentence.  Defendant filed a "Motion for New Revocation Hearing" in which he argued that he received ineffective assistance of counsel at the revocation hearing.  The trial court denied relief on the basis that the motion was untimely as a motion for reduction of sentence under Tennessee Rule of Criminal Procedure 35 and that the motion could not be construed as a petition for post-conviction relief.  After a review of the scant record, we affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and J. ROSS DYER, JJ., joined.

Jay Hassman, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Jerry Woodall, District Attorney General; and Rolf Hazlehurst, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

According to the documents in the technical record, it appears that Defendant pled guilty in August of 2016 to an unspecified charge or charges in exchange for a probationary sentence of four years.  Prior to the completion of probation, a warrant was issued alleging Defendant violated the terms of his probation.  From what we can gather,

the trial court determined Defendant violated the terms of his probation and ordered him to serve his original sentence. Defendant then asked the trial court for a new revocation hearing, arguing that he received ineffective assistance of counsel at the hearing during which his probation was revoked. The trial court denied the motion, and it is from this denial that Defendant appeals. Interestingly, none of the documents memorializing the conviction, the guilty plea, the terms of Defendant's probation, or the revocation of his probation are included in the record on appeal. In fact, the entire technical record in this case spans a total of eleven pages, four of which are comprised of documents filed by Defendant in this Court related to the appeal. The record does not contain the guilty plea transcript, the original judgment or judgments of conviction, the violation of probation warrant, or the order revoking Defendant's probation, all of which would be necessary for any meaningful review in this Court.

After filing the notice of appeal, Defendant asked this Court on two separate occasions for an extension of time to file transcripts of the revocation hearing. On July 16, 2018, this Court denied Defendant's request, noting that the trial court had already denied Defendant's request for preparation of the transcripts of the revocation hearing on two separate occasions.[1] This Court informed Defendant that he could "at a later time" request to supplement the record, if and when it became necessary to do so. Defendant filed a motion asking this Court to reconsider its decision. This Court denied relief on the basis that Defendant failed to provide the court "with any pertinent information that would warrant an amendment or modification" of its previous order. Defendant has not pursued supplementation of the record in this Court again.

Despite the fact that Defendant is a pro se litigant, there are specific requirements regarding the record on appeal. *See* Tenn. R. App. P. 24. An appellant bears the burden of preparing an adequate record for appellate review. *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993). "Where the record is incomplete and does not contain . . . portions of the record upon which the party relies, an appellate court is precluded from considering the issue." *Id.* at 560-61. In the absence of an adequate record, this Court must presume that the trial court's ruling is correct. *State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993).

In our view, the absence of the underlying judgment(s) alone contravenes those rules. Despite the numerous deficiencies in the record that we have pointed out in addition to the absence of the judgment(s), we conclude that the record before us supports the trial court's denial of Defendant's motion for a new revocation hearing, which it treated as a Rule 35 motion for reduction of sentence. Tennessee Rule of Criminal

---

[1] It is not clear why the trial court denied these requests. The order issued by this Court contemplated that the trial court denied the requests because the transcripts were "not necessary to resolve this appeal."

Procedure 35 allows a trial court to "reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked." Tenn. R. Crim. P. 35(a). Per the plain language of the rule, "[n]o extensions shall be allowed" and "[n]o other actions toll the running of this time limitation." Tenn. R. Crim. P. 35(a). According to the trial court's order denying the motion for a new revocation hearing, Defendant pled guilty on August 2, 2016. His probation was revoked on October 30, 2017. The motion for new revocation hearing was filed on March 15, 2018, 136 days later. Even if we were to take the date from the motion itself based on the prison mail rule, the motion was placed in the mail on March 12, 2018, and would have been deemed filed 133 days after the revocation of probation.[2] *See* Tenn. Sup. Ct. R. 28, § 2(G); *see also* Tenn. R. Crim. P. 49(d)(1). The trial court properly determined that the motion was untimely.

We also note that, even if we were to treat Defendant's motion as a petition for post-conviction relief from his original guilty plea, it is not timely. A petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken. *See* T.C.A. § 40-30-102(a). Defendant pled guilty on August 2, 2016. He did not appeal his guilty plea, and the judgment became final thirty days later on September 2, 2016. He had one year from that date to file a petition for post-conviction relief. His motion was not filed until 2018, well beyond the limitations period. Therefore, the statute of limitations barred its consideration. T.C.A. § 40-30-102(a). Moreover, "the Tennessee Post-Conviction Procedures Act does not permit the filing of a petition under its provisions to attack collaterally the validity of a proceeding to revoke the suspension of sentence and/or probation." *Young v. State*, 101 S.W.3d 430, 432 (Tenn. 2002). Thus, Defendant's claim of ineffective assistance of counsel at the probation revocation hearing is not a cognizable claim for post-conviction relief.

Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee provides that if a judgment is rendered by the trial court without a jury, the judgment is not a determination of guilt, the evidence does not preponderate against the finding of the trial court, and no error of law requiring a reversal of the judgment is apparent on the record, then the judgment of the trial court may be affirmed by memorandum opinion when the opinion would have no precedential value. We determine that this case meets the criteria of Rule 20. Accordingly, the judgment of the trial court is affirmed pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

_____
TIMOTHY L. EASTER, JUDGE

---

[2] Defendant argues for the first time on appeal that the document was actually placed in the mail on March 5, 2018. Even if this were true, the motion would have still been untimely as it would have been filed 126 days after the revocation.