IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 26, 2019

**CHRISTOPHER A. KEMP v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Sullivan County**
**Nos. S49934, S50374        William K. Rogers, Judge**

_____

**No. E2018-00536-CCA-R3-PC**
_____

The Appellant, Christopher A. Kemp, appeals the trial court's revocation of his probation, contending that his counsel was ineffective at the probation revocation hearing. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

David S. Barnette, Jr., Kingsport, Tennessee (on appeal), and Terry L. Jordan, Blountville, Tennessee (at hearing), for the Appellant, Christopher A. Kemp.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Barry P. Staubus, District Attorney General; and Joseph Eugene Perrin, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On May 5, 2005, the Appellant was charged with possessing .5 grams or more of cocaine with the intent to sell or deliver within a school zone and conspiring to sell or deliver .5 grams or more of cocaine within a school zone. On November 28, 2005, the Appellant pled guilty to the charged offenses and received concurrent sentences of ten years and six years, respectively, which were suspended to probation. The Appellant began serving the sentence after serving a previously imposed eight-year sentence.

On April 22, 2016, a probation violation warrant was issued based on allegations that the Appellant had incurred additional charges in New York of kidnapping and

strangulation. At the probation revocation hearing, the State submitted an "exemplified copy" of the Appellant's conviction of attempted second degree robbery in New York. The State urged the court to revoke the Appellant's probation based upon the conviction.

The Appellant testified that he lived in Brooklyn, New York. The Appellant admitted that he pled guilty to attempted second degree robbery and received a sentence of two years. The Appellant explained, "My attorney at the time advised me that it was in my best interest to take the plea because the State of New York was using my Tennessee convictions against me and not the facts of the case." He said that he had been incarcerated in New York since March 2016 and that he was transported to Tennessee on December 13, 2017, for the hearing.

The Appellant stated that he was on probation for three years before he was arrested in New York. During that time, the Appellant maintained two jobs. He lost one of the jobs, which was working security, due to his incarceration.

The Appellant asserted that he always reported to his probation officer, paid his fines, and passed his drug screens. He stated that if he were released on probation, he planned to live in Brooklyn with his fiancée and stepchildren. The Appellant said that he tried to be a good parent and a good person. He noted that the conviction was his first violation and that he had a good work ethic, did volunteer work, had faith in God, and was a productive member of society. He asked the court for leniency and to be released on probation.

On cross-examination, the Appellant said that he had never used cocaine but that he had sold cocaine. The Appellant said that after his first arrest for selling cocaine, he was released on bond. He went to an apartment where someone had cocaine, and the police "raided" the apartment. The Appellant conceded that he pled guilty to offenses relating to the raid but claimed that he was not "involved with cocaine at that time."

The Appellant acknowledged that the probation violation report reflected that his new charges stemmed from his involvement in an illegal gun transaction. The Appellant contended, however, "[T]hat's not what happened. I—I have documents here to prove otherwise." When asked to explain his version of the incident in New York, the Appellant said that he drove a friend to the friend's girlfriend's residence. Upon their arrival, "a volatile . . . altercation" took place, and the Appellant left. Afterward, the girlfriend fabricated allegations against her boyfriend and the Appellant because she was angry. The Appellant said that his attorney should have asked for a dismissal of the charges but instead asked for a plea agreement.

The trial court found that the Appellant had violated his probation by being convicted of a felony in New York. The trial court noted the Appellant's argument that

extenuating circumstances of the offense mitigated his violation but noted "the fact of the matter is that he did plead guilty to the felony . . . which appears to be . . . a violent offense . . . in New York."

On appeal, the Appellant contends that counsel was ineffective at the probation revocation hearing by failing to present mitigating proof of the circumstances of his New York conviction to show the Appellant was not guilty of that charge. The Appellant contends that counsel's failure to present such proof prejudiced him and that he should be placed on probation, community corrections, or split confinement. In response, the State notes that the Appellant's strategy at the hearing was to admit the violation and ask the court to allow him to remain on probation because of the mitigating facts. Moreover, the State contends that the Appellant failed to establish that counsel's ineffectiveness rose to the level of a due process violation. We agree with the State.

Upon finding by a preponderance of the evidence that the Appellant has violated the terms of his probation, a trial court is authorized to order the Appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010). The Appellant acknowledged he pled guilty to attempted second degree robbery in New York while he was serving his probationary sentence, which supports the trial court's revocation of probation.

Initially, we note that although the Appellant contends that his counsel at the probation revocation hearing was ineffective, this court has stated that a defendant cannot attack the effectiveness of counsel at a probation revocation hearing even in a post-conviction proceeding. See Michael Joseph Grant v. State, No. E2008-02161-CCA-R3-PC, 2009 WL 4282032, at *3 (Tenn. Crim. App. Dec. 1, 2009) (citing Young v. State, 101 S.W.3d 430, 432 (Tenn. Crim. App. 2002)). Accordingly, the Appellant is not entitled to relief on this basis.

Moreover, the record reflects that the Appellant acknowledged at the revocation hearing that after being placed on probation in Tennessee, he pled guilty in New York to attempted second degree robbery, a felony. The trial court considered the Appellant's version of the circumstances leading to his guilty plea, as well as the mitigating facts provided by the Appellant's testimony, and noted that the conviction resulted from a

"violent offense."  The Appellant has failed to show that he is entitled to relief.  The judgment of the trial court is affirmed.

_____

NORMA MCGEE OGLE, JUDGE