IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 27, 2022 Session

## QUINCY SCOTT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Bradley County**
**No. 20-CR-301      Andrew M. Freiberg, Judge**

———————————————————

### No. E2021-00400-CCA-R3-PC

———————————————————

Quincy Scott ("Petitioner") filed a petition for post-conviction relief claiming that he received ineffective assistance of counsel at his probation revocation hearing. The post-conviction court dismissed the petition based on the holding of *Young v. State*, 101 S.W.3d 430, 433 (Tenn. Crim. App. 2002), that the Post-Conviction Procedure Act "does not permit the filing of a petition . . . to attack collaterally the validity of a proceeding to revoke the suspension of sentence and/or probation." We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and TIMOTHY L. EASTER, J., joined.

Austin B. Hayes, Athens, Tennessee, for the appellant, Quincy Scott.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Stephen D. Crump, District Attorney General; and Paul O. Moyle, IV, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Procedural History

Petitioner pleaded guilty to sale of .5 grams or more of cocaine, and the trial court imposed an eight-year sentence to be served on supervised probation. *State v. Quincy D. Scott*, No. E2018- 02271-CCA-R3-CD, 2019 WL 3819851, at *1 (Tenn. Crim. App. Aug. 15, 2019), *perm. app. denied* (Tenn. Dec. 4, 2019). A probation violation report was issued, alleging in part that Petitioner had been arrested and convicted of aggravated robbery in McMinn County. *Id.*. Following a hearing, the trial court fully revoked Petitioner's

probation. *Id.* Petitioner timely appealed, and this court affirmed the trial court's decision. *Id.* at *2.

Petitioner filed a *pro se* petition for post-conviction relief, claiming that he received ineffective assistance of counsel at his probation revocation hearing because counsel "failed to raise the only defense [P]etitioner had available against the State's abridgement of his due process rights to a speedy trial, *i.e.*, file [a] Motion to dismiss violation warrant." After appointment of counsel, an amended petition was filed reasserting the claim raised in the *pro se* petition. The State subsequently filed an amended response asking the trial court to summarily dismiss the petition on the grounds that Tennessee law did not provide for post-conviction relief following a probation revocation. The trial court entered an order dismissing the petition. Petitioner timely appeals.

**Analysis**

Petitioner claims that the post-conviction court erred in dismissing his petition without a hearing. The State argues that the court properly dismissed the petition because the Post-Conviction Procedure Act does not permit the filing of a petition to collaterally attack the validity of a proceeding to revoke probation. We agree with the State.

As stated by the post-conviction court in its order dismissing the petition, this court has held that the Post-Conviction Procedure Act "does not permit the filing of a petition under its provisions to attack collaterally the validity of a proceeding to revoke the suspension of sentence and/or probation." *Young*, 101 S.W.3d at 433. Over the past twenty years, this court has consistently reaffirmed the reasoning of *Young* in the context of probation revocation hearings. *See e.g., Thomas McLaughlin v. State*, No. M2019-02306-CCA-R3-PC, 2020 WL 7074197, at *6 (Tenn. Crim. App. Dec. 3, 2020), *perm. app. denied* (Tenn. Mar. 17, 2021); *Ricky L. Hill v. State*, No. W2017-02380-CCA-R3-PC, 2018 WL 4610763, at *1 (Tenn. Crim. App. Sept. 25, 2018) (memorandum opinion); *Daniel David Eden v. State*, No. M2014-00862-CCA-R3-PC, 2015 WL 3612983, at *4 (Tenn. Crim. App. June 10, 2015), *perm. app. denied* (Tenn. Oct. 15, 2015); *Christopher Johnson v. State*, No. E2011-00562-CCA-R3-PC, 2012 WL 1066502, at *3 (Tenn. Crim. App. Mar. 28, 2012), *perm. app. denied* (Tenn. Aug. 15, 2012); *Charles J. Miller v. State*, No. M2008-01861-CCA-R3-PC, 2010 WL 565666, at *3 (Tenn. Crim. App. Feb. 18, 2010); *Michael Joseph Grant v. State*, No. E2008-02161-CCA-R3-PC, 2009 WL 4282032, at *3 (Tenn. Crim. App. Dec. 1, 2009); *Sherman Clark v. State*, No. W2008-02557-CCA-R3-PC, 2009 WL 4039083, at *2 (Tenn. Crim. App. Nov. 23, 2009) (memorandum opinion); *Thomas Dewey Perry, Jr. v. State*, No. E2008-02324-CCA-R3-PC, 2009 WL 2590050, at *1 (Tenn. Crim. App. Aug. 24, 2009) (memorandum opinion); *Gregory D. McDaniel v. State*, No. M2008-01534-CCA-R3-PC, 2009 WL 1684598, at *1 (Tenn. Crim. App. June 12, 2009).

Although the supreme court has held "that the issue of ineffective assistance of counsel in a revocation of a community corrections sentence may be raised in a post-conviction proceeding," *Carpenter v. State*, 136 S.W.3d 608, 612 (Tenn. 2004) (noting that "revocation of a community corrections sentence, unlike the revocation of probation, presents the additional issue of resentencing"), the supreme court has consistently denied permission to appeal in cases where this court, following the holding of *Young*, has affirmed the dismissal of post-conviction petitions challenging probation revocation proceedings.

In light of this well-established precedent, we affirm the judgment of the post-conviction court.

_____
ROBERT L. HOLLOWAY, JR., JUDGE