IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 25, 2005

## STERLING POLLARD v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 248161     Rebecca Stern, Judge**

_____

**No. E2005-00888-CCA-R3-PC - Filed January 12, 2006**

_____

The petitioner appeals the denial of post-conviction relief, contending that: (1) the post-conviction court erred in modifying the illegal probationary period rather than vacating it; and (2) his plea to a violation of the Motor Vehicle Offender Act  was not knowingly and voluntarily entered.  Upon thorough review, we affirm the denial of post-conviction relief but modify the petitioner's probationary period from five hundred fifty-two days to five years, one hundred eighty-seven days.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed as Modified**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Brandon Raulston, Chattanooga, Tennessee, for the appellant, Sterling Pollard.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William H. Cox, III, District Attorney General; and James A. Woods, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

On October 31, 2001, the petitioner, Sterling Pollard, pled guilty to one count of driving under the influence (DUI) seventh offense, and one count of felonious operation of a motor vehicle (both Class E felonies) in case number 237788.  For the charge of DUI, the petitioner was sentenced as a Range I, standard offender to two years, suspended, and six years probation after one hundred seventy-eight days, day-for-day.  For the remaining charge of felonious operation of a motor vehicle, the petitioner was sentenced as a Range I offender to a concurrent sentence of one year.  On November 10, 2003, the petitioner pled guilty to violating the Habitual Motor Vehicle Offender Act

(a Class E felony) in case number 245774, after which his probation was revoked and he was sentenced to two years, consecutive to the sentences imposed in the previous case.

On February 23, 2004, the petitioner filed a pro se petition for post-conviction relief as to both cases. One month later, the post-conviction court entered an order finding that the claims arising from case number 237788 were time-barred and that those arising from the revocation proceeding in that case were not cognizable in a post-conviction petition. T.C.A. §§ 40-30-201, -202; see also Young v. State, 101 S.W.3d 430, 433 (Tenn. Crim. App. 2002). The court further noted, however, that the petitioner's claim of an illegal sentence for DUI seventh offense could be corrected "at any time, even if it has become final." See State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). Specifically, the court made the following findings:

> Although the petitioner's sentence for a seventh violation of [DUI] in case 237788 does not exceed the maximum probationary term that Tenn. Code Ann. § 40-35-303(c) authorizes for offenses in general, it exceeds the maximum probationary term that Tenn. Code Ann. § 55-10-403(c) authorizes for such an offense. To the extent that § 303(c) conflicts with § 403(c), however, the latter controls. *See State v. Palmer,* 902 S.W.2d 391, 394 (Tenn. 1995)

> Under § 303(c), the only limits on the length of a probationary term for a particular offense is the maximum sentence for the offense classification. For a violation of § 401, however, § 403(c) mandates a probationary term equal to the difference between the period of actual confinement and the maximum sentences. In so doing, it effectively "mandates a maximum sentence for [violation of § 401], with the only function of the trial court being to determine what period above the minimum period of incarceration established by statute, if any, is to be suspended." *State v. Combs,* 945 S.W.2d 770, 774 (Tenn. Crim. App. 1996).
> . . . .
> Although a defendant may waive a sentence range, the petitioner did not do so. *See, e.g., Hicks v. State,* 945 S.W.2d 706 (Tenn. 1997) (validating a sentence with a Range II length and a Range I release eligibility, where the defendant agreed to a hybrid sentence). Absent such a waiver, the maximum sentence to which he was subject under subsections (a)(1) and (c) of § 403 was two years. *See McConnell v. State,* 12 S.W.3d 795, 796-97 (invalidating sentences with a Range II length, where the defendant pled guilty as a Range I offender); Tenn. Code 40-35-112 [sic] (defining a Range I sentence for a Class E felony as "not less than one (1) nor more than two (2) years"). The six year probationary term in case 237788 is therefore illegal and should be reduced in accordance with § 403(c).

> . . . [The court] also finds . . . that the claims for relief from the judgment in case 245774 are timely. Because of the conflation of the various claims in the petition, however, the Court cannot determine which, if any, of the timely claims are colourable.

The Court therefore ORDERS as follows:

(1)      that, in case 237788, the judgment on count 3 be amended to reflect a probationary term of the difference between the term of confinement and two years;

(2)      that, in case 248161, the claims arising from the original and revocation proceedings in case 237788 be dismissed; and

(3)      that, in case 248161, within fifteen (15) days of the entry of this order, the petitioner file an amended petition that clearly states the claims arising from the proceedings in case 245774 and their factual bases.

After appointing counsel, an amended petition was filed and an evidentiary hearing was held.

At the hearing, the petitioner testified that, after pleading guilty to both counts in case number 237788, he "received [a sentence of] one year to run concurrent with the two year to serve, 178 days, the last 28 days could be served in CADAS and six years probation." The petitioner stated that he subsequently pled guilty to a violation of the Habitual Motor Vehicle Offender Act, which resulted in a revocation of his probation and a sentence of two years as a Range I, standard offender. The petitioner testified that at the time of that plea, counsel told him that "the six year probation was gone and the two year sentence was up and I would start the other two year sentence with an automatic kickout on it." He further noted that it was his understanding that the sentence would be ordered concurrently to the charges in the first case. The petitioner testified that he did not receive an "automatic kickout" or a concurrent sentence and that he filed a pro se petition for post-conviction relief as a result. Finally, the petitioner testified that the post-conviction court amended the sentence for DUI seventh offense from six to two years probation on its own accord.

On cross-examination, the petitioner testified that he recalled being under oath and responding affirmatively when asked if he understood the plea. He further admitted that, although given the opportunity to do so, he did not object to or question the plea agreement. Finally, the petitioner testified that he understood that it is the Department of Correction's job to determine the "kickout date."

As the second and final witness at the post-conviction hearing, counsel testified that he represented the petitioner on his 2003 plea to a violation of the Motor Vehicle Offender Act, a charge the petitioner received while on probation. Counsel stated that in his experience, when probation is revoked, any plea offer on the new violation is consecutive to the revocation. He further stated that he tells all his clients that release dates are beyond his control and are determined by the Department of Correction. In conclusion, counsel stated that he reviewed the plea offer and felt that he secured the best deal possible for the petitioner.

On cross-examination, counsel testified that he explained to the petitioner that he had a two-year sentence on the revocation and a consecutive two-year sentence to serve on his new charge. Counsel acknowledged that, at the time of the plea, he was not aware that the petitioner's sentence for DUI seventh offense was illegal. He testified that he met with the petitioner once prior to the

plea hearing. Finally, counsel stated that he did not specifically recall the discussions that he had with the petitioner concerning release dates and further noted that he "may have" discussed the standard kickout date. At the conclusion of the evidentiary hearing, the post-conviction court found that:

> [Trial counsel] was effective in his representation, that there was nothing unusual about this. I also find that during the plea hearing when I discussed this, it was very clear. The DA stated specifically that he was being revoked, his sentences were ordered into execution and this new charge was to run consecutive to that. Neither [trial counsel] nor I have any control over how the DOC calculates the actual amount of time and I'm sure [the petitioner] and his attorney were hopeful that they would calculate it in a more favorable way.

> As to the issue about it being an illegal sentence, I disagree. It was an illegal probation period I believe but not an illegal sentence. Two year sentence is an E felony, one to two years, and the proper range, it was not what I would call an illegal sentence. I don't think the proper remedy is vacating the sentence. I just reduced his probation period time down which was for his benefit and to be fair to him. For all of those reasons, the post-conviction petition is dismissed.

The petitioner now appeals to this court, contending that: (1) the post-conviction court erred in failing to vacate the illegal sentence; and (2) that the plea in case number 245774 (violation of the Motor Vehicle Offender Act) was not knowing and voluntary. Upon thorough review, we affirm the denial of post-conviction relief.

## Analysis

### Illegal Sentence

The petitioner first contends that because the sentence issued for DUI in case number 237788 was illegal, the post-conviction court did not have the authority to modify it sua sponte but should have vacated the judgment. We initially note that, while we agree with the post-conviction court that the sentence exceeded the statutory maximum, we disagree with its reasoning. Tennessee Code Annotated section 40-35-303 governs the eligibility and terms of sentences involving probation and states in pertinent part that:

> If the court determines that a period of probation is appropriate, the court shall sentence the defendant to a specific sentence but shall suspend the execution of all or part thereof and place the defendant on supervised or unsupervised probation either immediately or after a period of confinement for a period of time no less than the minimum sentence allowed under the classification and up to and including the statutory maximum time for the class of the conviction offense.

T.C.A. § 40-35-303(c)(1) (2001). The sentence at issue in this appeal is for the charge of DUI seventh offense, a Class E felony that carries a Range I penalty of between one and two years and a class maximum penalty of six years. T.C.A. §§ 40-35-111(b)(5), -112(a)(5). The petitioner's

imposed sentence was "2 years suspended for 6 years supervised probation after 178 days day for day. Last 28 days may be served in CADAS." The sentence, totaling six years, one hundred and seventy-eight days, thus exceeded the maximum penalty for the offense class.

Although it was permissible to sentence the petitioner to the maximum probationary period of six years in order for the sentence to be valid, the confinement period and any pre-trial credits should have been deducted from the maximum probationary period. Thus, a proper sentence in this case would have been two years, all suspended except one hundred seventy-eight days, with supervised probation to follow for a period of five years, one hundred eighty-seven days.

As previously mentioned, although we agree that the sentence exceeded the statutory maximum, we disagree with the post-conviction court's findings regarding the appropriate sentence. The order issued by the post-conviction court found the probationary period to be illegal because it was greater than the difference between the maximum sentence in the range (two years) and the period of confinement. That conclusion was in reliance on State v. Palmer and premised on a determination that the statutory provision setting the appropriate penalties for DUI trumped the Sentencing Guidelines. Particularly, the post-conviction court relied upon the following subsection to support its conclusion that the "maximum sentence" referred to the maximum in the range rather than the maximum for the offense class:

> Notwithstanding any other provision of law to the contrary, the fourth or subsequent conviction shall be a Class E felony punishable . . . by confinement for not less than one hundred and fifty (150) consecutive days, to be served day for day, nor more than the maximum punishment authorized <u>for the appropriate range</u> of a Class E felony; and the court shall prohibit the person from driving a motor vehicle for a period of five (5) years.

T.C.A. § 55-10-403(a)(1)(A) (emphasis supplied). The court reasoned that the aforementioned subsection, read in context with the following, capped the petitioner's maximum probationary period at the difference between two years and the incarceration period one hundred and seventy-eight days:

> All persons sentenced under subsection (a) shall, in addition to service of at least the minimum sentence, <u>be required to serve the difference between the time actually served and the maximum sentence on probation</u>. The judge has the discretion to impose any conditions of probation which are reasonably related to the offense, but shall impose the following conditions:
>
> (1)   Participation in an alcohol and drug safety DUI school, and/or drug offender school program, if available; or
>
> (2)   Upon the second or subsequent conviction for violating the provisions of § 55-10-401 or § 39-17-418, involving the possession of a controlled substance, participation in a program of rehabilitation at an alcohol or drug treatment facility, if available; and
>
> (3)   The payment of restitution to any person suffering physical injury or personal losses as a result of such offense if such person is economically capable of making such restitution.

(4)　Notwithstanding any other provision of law to the contrary, if a person convicted of a violation of § 55-10-401 has a prior conviction for a violation of § 55-10-401 within the past five (5) years, the court shall order such person to undergo a drug and alcohol assessment and receive treatment as appropriate. Unless the court makes a specific determination that the person is indigent, the expense of such assessment and treatment shall be the responsibility of the person receiving it. Notwithstanding the provisions of subdivision (a)(4)(B), if the court finds that the person is indigent, the expense or some portion of the expense may be paid from the alcohol and drug addiction treatment fund established in § 40-33-211(c)(2) pursuant to a plan and procedures developed by the department of health.

T.C.A. § 55-10-403(c) (2001) (emphasis supplied). While it may initially appear that the statutory provisions governing DUI operate to lessen the maximum probationary period a defendant may serve, when the policy considerations behind the provisions are taken into account, we must determine that the result reached in this case is contrary to the intended effect of the statute. The statutes themselves, along with the case law interpreting them, clearly indicate that DUI sentences must rise to a mandatory minimum threshold, and are excluded from the provisions of the Sentencing Act only if its provisions alter the sentence below the mandatory minimum set out in the DUI statute. Our supreme court's opinion in State v. Palmer illustrates this point:

While DUI offenders must also be sentenced in accordance with the [Sentencing] Act, the legislature has specifically excluded DUI offenders from the provisions of the Act when the application fo the Act would serve to either alter, amend, or decrease the specific penalties provided for DUI offenders. A trial judge may designate a service percentage in a DUI case under Tennessee Code Annotated 40-35-302(d) but that percentage may not operate to reduce the mandatory minimum sentencing provisions of the DUI statute. Consequently, a DUI offender can be sentenced to serve the entire eleven month and twenty-nine day sentence imposed as the maximum punishment for DUI so long as the imposition of that sentence is in accordance with the principles and purposes of the Criminal Sentencing Reform Act of 1989.

902 S.W.2d at 394. Although Palmer dealt with a misdemeanor sentence, it stands for the broader proposition that, as between the Sentencing Guidelines and the DUI statute, the most rigorous punishment should apply. In the present case, the post-conviction court misapplied the holding in Palmer by using it as a justification for lessening the petitioner's sentence below that of other Class E offenders.

As we have noted, the DUI statute requires that the balance of any suspended sentence above the mandatory minimum be served on probation with attendant conditions. Therefore, DUI offenders are punished more rigorously and are eligible for fewer leniencies than are similarly situated offenders. However, in this case, the statute was construed to alter the probationary range

below that which is applicable to other offenders convicted of Class E felonies, leading to an anomalous result. In our view, while the DUI statute sets a minimum standard by which offenders can be punished, it should not operate to preclude trial courts from issuing longer probationary periods in accordance with the Sentencing Act.

Having concluded that the petitioner's sentence for DUI seventh offense was illegal and void, we must now determine whether the post-conviction court erred in modifying the sentence rather than vacating it. Upon review of the record, it is our determination that the void probationary period did not affect the petitioner in any way. Even after modifying the probationary term from six years to five years, one hundred eighty-seven days, the petitioner's new law violation remains within the requisite time period and results in a revocation of his probation. Furthermore, the probationary period does not alter the amount of time the petitioner must serve, either on the revocation or the new charge. For these reasons, we conclude that a hearing was not necessary and that a modification of the probationary period is not error. However, as aforementioned, we reject the post-conviction court's modification to five hundred fifty-two days probation and modify the probationary period to five years, one hundred eighty-seven days.

Knowing and Voluntary Plea

In addition to an illegal sentence, the petitioner claims that his plea was not knowing or voluntary. A post-conviction petitioner may successfully attack his conviction when his guilty plea was unknowing or involuntary. See T.C.A. § 40-30-103 (2001); Boykin v. Alabama, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712 (1969); State v. Wilson, 31 S.W.3d 189, 194 (Tenn. 2002). A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the petitioner to make sure he fully understands the plea and its consequences. State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999); Blankenship, 858 S.W.2d at 904.

Because the plea must represent a voluntary and intelligent choice among alternatives available to the petitioner, the trial court may look at a number of circumstantial factors in making this determination. Blankenship, 858 S.W.2d at 904. These factors include: (1) the petitioner's relative intelligence; (2) his familiarity with criminal proceedings; (3) whether he was represented by competent counsel and had the opportunity to confer with counsel about alternatives; (4) the advice of counsel and the court about the charges against him and the penalty to be imposed; and (5) the petitioner's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial. Id. at 904-05.

A review of the guilty plea proceedings in this case reveals that the petitioner was informed of and waived his rights against self-incrimination, to a jury trial, and to confront and cross-examine witnesses. Moreover, the petitioner answered negatively when asked if his plea had been induced by any offers or promises and if he had any questions about the plea. Finally, at the post-conviction hearing, the petitioner acknowledged that he was aware that release dates were at the discretion of

the Department of Correction. Therefore, we agree with the post-conviction court's finding that the petitioner's plea was knowingly and voluntarily entered.

Conclusion

We affirm the denial of post-conviction relief; however, we modify the probationary period from five hundred fifty-two days to five years, one hundred eighty-seven days.

_____
JOHN EVERETT WILLIAMS, JUDGE