# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## DALLAS R. MYERS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Henry County**
**No. 13784     Donald E. Parish, Judge**

---

**No. W2007-02596-CCA-R3-PC  - Filed June 18, 2008**

---

This matter is before the Court upon the state's motion to affirm the judgment of the post-conviction court by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petitioner, Dallas R. Myers, appeals the post-conviction court's dismissal of his petition for post-conviction relief and argues that he received the ineffective assistance of counsel. Upon review of the record, we are persuaded that the post-conviction court did not err in dismissing the petitioner's post-conviction petition. This case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Therefore, we grant the state's motion, and the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Post-Conviction Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Dallas R. Myers, Pro Se, Whiteville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; John Bledsoe,  Assistant Attorney General; Robert Radford, District Attorney General, and Beth Boswell Hall, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The record reflects that the petitioner pled guilty on March 29, 2005, to the offense of attempted aggravated sexual battery, a Class C felony, and received a six year sentence with probation granted after service of 189 days in confinement. On August 23, 2006, the court issued an order revoking the petitioner's probation because he pled guilty to misdemeanor convictions for false imprisonment and domestic assault. The petitioner received 297 days of jail credit. On August 22, 2007, the petitioner filed a petition for post-conviction relief challenging the court's revocation of his probation and alleging that he received the ineffective assistance of counsel at his probation revocation hearing. On August 28, 2007, the trial court filed an order dismissing the petition for failure to state cognizable claim. On October 1, 2007, the petitioner filed a notice of appeal.

Post-conviction relief is granted when a petitioner's conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Tennessee or United States Constitution. *See* Tenn. Code Ann. § 40-30-103. The post-conviction petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a). "In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment." Tenn. Code Ann. § 40-30-102(c). A judgment becomes final thirty days after entry unless a timely notice of appeal or a specified post-trial motion is filed. *See* Tenn. R. App. P. 4(a); (c).

Looking to the Tennessee Supreme Court Rules, we note that once a petition is filed, a judge shall review the petition and determine whether the petition states a colorable claim. Tenn. Sup. Ct. R. 28, § 6(B)(2). A colorable claim is "a claim in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004) (quoting Tenn. Sup. Ct. R. 28, § 2(H)). If the reviewing court determines that the facts of the petition fail to establish a "colorable claim," it may dismiss the petition. *See* Tenn. Code Ann. § 40-30-106(f). Furthermore, a petition without a colorable claim may be dismissed by the court without appointing counsel or holding an evidentiary hearing. *See Blair v. State,* 969 S.W.2d 423, 424 (Tenn. Crim. App. 1997). Whether a trial court properly dismissed a petition for post-conviction relief for failure to state a claim for relief is a question of law. *See Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002). Our review of the trial court's dismissal of the petition is de novo. *See id.*; *see also Fields v. State*, 40 S.W.3d 450, 457-58 (Tenn. 2001).

It is well-established that a post-conviction petition may not be used to collaterally attack an order revoking probation. "[T]he Tennessee Post-Conviction Procedures Act does not permit the filing of a petition under its provisions to attack collaterally the validity of a proceeding to revoke the suspension of sentence and/or probation." *Young v. State*, 101 S.W.3d 430, 433 (Tenn. Crim. App. 2002); *see also Armistead v. State*, No. M2004-02795-CCA-R3-PC, 2005 WL 1950289 (Tenn. Crim. App. at Nashville, Aug. 15, 2005) *perm. app. denied* (Tenn. Oct. 31, 2005). This rule remains in effect even where the petitioner alleges that constitutional violations occurred before or during probation revocation proceedings. As stated by this court in *Young*:

> [Post-Conviction] . . . relief under this part shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States.
>
> Thus, under the act, the subject of the collateral attack must either be the conviction itself or the sentence. It is clear that the appellant in the instant case is not attacking his conviction. Rather, as noted above, he is complaining of alleged constitutional violations that he asserts render the order revoking probation void or voidable.
>
> . . . .

2

[T]he "sentence" a criminal defendant receives is the period of time that the defendant could be incarcerated. In contrast, an order revoking suspension of sentence or probation typically ends the period of suspension of the execution of the original term and mandates that the original sentence be carried out. *See* Tenn. Code Ann. § 40-35-310, 311. But it cannot be said that the order revoking suspension of sentence and probation imposes a new sentence subject to collateral attack under the Tennessee Post-Conviction Procedures Act.

*Young*, 101 S.W.3d at 431-32 (internal citation omitted).

In the instant case, the petitioner is without remedy because he is attempting to collaterally attack the revocation of his probation. *See Young*, 101 S.W.3d at 431. Because the petitioner attacked the trial court's order revoking his probation, and is precluded by law from doing so, we conclude that the dismissal of his petition was not in error. *See Armistead*, 2005 WL 1950289 at *2. Therefore, the petitioner's argument is without merit and he is not entitled to relief.

## CONCLUSION

Upon consideration of the pleadings, the record, and the applicable law, we conclude that the petition was properly dismissed. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed.

_____
J.C. McLIN, JUDGE

3