# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### July 18, 2012 Session

## WILLIAM FISHER v. JERRY LESTER, WARDEN

**Appeal from the Circuit Court for Hickman County**
**No. 11-CV-42     Timothy L. Easter, Judge**

_____

**No. M2012-00306-CCA-R3-HC - Filed September 28, 2012**

_____

The Petitioner, William Fisher, appeals from the Hickman County Circuit Court's denial of his petition for the writ of habeas corpus. He contends that his sentence has expired. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

James O. Martin, III, Nashville, Tennessee, for the appellant, William Fisher.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Senior Counsel; Kim R. Helper, District Attorney General; and Michael J. Fahey, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner was indicted in case number 01-579 for burglary of an automobile and theft of $500 or less occurring on April 12, 2001. He was indicted in case number 01-776 for attempt to commit first degree murder and especially aggravated burglary occurring on May 9, 2001. On November 19, 2001, he pleaded guilty to all of these charges, except the attempted first degree murder charge was amended to attempt to commit second degree murder. For the burglary of an automobile conviction, he received two years, six months' confinement with "credit for time served." For the theft conviction, he received eleven months and twenty-nine days, with six months' confinement and "credit for time served." For attempted second degree murder, he received an eight-year sentence, with six months' confinement and "credit for time served." He likewise received an eight-year sentence for

especially aggravated burglary, was ordered to serve six months, and was allowed "credit for time served." The burglary of an automobile judgment stated that the two-year sentence was to be served concurrently with the sentence for the theft conviction and consecutively to the sentences in case 01-776. The attempted second degree murder judgment stated that the eight-year sentence was to be served concurrently with the sentence for the especially aggravated burglary conviction and consecutively to the sentences in case 01-579.

On February 10, 2010, a probation violation warrant was filed listing the four conviction offenses. On November 1, 2010, the trial court revoked the Petitioner's probation and ordered him to serve his sentences. The Petitioner did not appeal.

The Petitioner filed a Motion to Clarify Probation Revocation Order in which he alleged that according to the Tennessee Department of Correction's records, the two-year sentence for the offenses in case 01-579 was consecutive to the eight-year sentence for the offenses in case 01-776. He claimed that the eight-year sentence expired before the trial court issued the revocation warrant. The Petitioner requested that the trial court enter an order "clarifying the exact sentence" it ordered him to serve.

The court filed an order in which it found that the Petitioner was arrested for case 01-579 and posted bond, and that while released on bond, he committed the offense in case 01-779. The court found that the Petitioner remained in jail after his arrest in case 01-779 and eventually pleaded guilty in an agreement that disposed of both cases and ordered consecutive sentences. The court found:

> Pursuant to Rule 32(c)(3)(C) of the Tennessee Rules of [Criminal] Procedure, Madison County case number 01-776 must be consecutive to Madison County case number 01-579, as a matter of law, because the [Petitioner] was on bond for a felony (Madison County case number 01-579) when he committed another felony offense (Madison County case number 01-776).

The court concluded that the two-year sentence in case 01-579 had expired and was not subject to revocation. The court also filed corrected judgments for case 01-579. The judgment for the felony conviction, count 1, stated, "This is a corrected judgment in that the reference in the original judgment indicating that the sentence must be served consecutively to #01-776 has been deleted to reflect the intent of the Court and the parties that #01-776 is consecutive to this docket number and not the opposite."

The Petitioner filed the present habeas corpus action. He alleged that his eight-year sentence in case 01-776 had expired and that he was being held illegally. He alleged that the trial court erroneously interpreted Tennessee Rule of Criminal Procedure 32 to require that the eight-year sentence for case 01-776 be served consecutively to the two-year sentence for case 01-579 merely because he was on bond for the case that resulted in the two-year sentence when the case that resulted in the eight-year sentence arose. The Petitioner alleged that he began serving his eight-year sentence in case 01-776 first. He alleged that when he was arrested for case 01-776, he did not surrender his bond for case 01-579 and that he earned sentence credits for case 01-776 while both cases were pending. He alleged that pursuant to Tennessee Code Annotated section 40-23-101(a), his sentence for case 01-776 began when he came into the custody of the sheriff and continued until he served the jail term that was eventually imposed for that case, after which time he began serving the balance of his sentences on probation. The Petitioner attached a document to his petition that reflected email communication between his attorney and an employee of the Madison County Circuit Court Clerk's office. The pertinent communication from the clerk states, "Madison County Circuit Court does not show any record of the bond being surrendered on docket # 01-579 (William Fisher)." He also attached a TOMIS Offender Sentence Letter dated August 8, 2011, reflecting that he received two days' pretrial jail credit for case 01-579 and no credit for pretrial jail behavior and that he received 194 days' pretrial jail credit and 48 days' pretrial jail behavior credit for case 01-776. The TOMIS letter also reflects that the sentence for count 1 of case 01-579 is to be served consecutively to counts 1 and 3 of case 01-776. It does not contain any notation of consecutive sentencing for the sentences in case 01-776.

The trial court denied the petition. Regarding imposition of consecutive sentences pursuant to Tennessee Rule of Criminal Procedure 32(c)(3)(C), it relied in part on State v. Blanton for the proposition that "it is irrelevant whether the conviction for the Petitioner's offense, releasing him on bail, occurred prior to the conviction for the second offense, occurring while the Petitioner was on bail, or vice versa." See 926 S.W.2d 953, 961 (Tenn. Crim. App. 1996). The court noted its previous order clarifying the revocation order and the corrected judgments reflecting that the eight-year sentence in case 01-776 was to be served consecutively to the two-year sentence in case 01-579. It found that the Petitioner failed to prove that the revocation order resulting in his incarceration was void.

On appeal, the Petitioner contends that the trial court erred in denying habeas corpus relief. He argues that the sentence in case 01-776 had expired before the revocation warrant was issued and could not, therefore, form a proper basis for the revocation order that led to his incarceration. The State counters that the trial court did not err. We conclude that the trial court properly dismissed the petition without a hearing.

Whether habeas corpus relief should be granted is a question of law that is reviewed de novo with no presumption of correctness. State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999); State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Id. at 255-56. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-92 (Tenn. 1964). The trial court, however, may dismiss a petition for a writ of habeas corpus without a hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636-37 (Tenn. 1967); see T.C.A. § 29-21-109 (2010).

The record reflects that the Madison County Circuit Court accepted the Petitioner's guilty pleas, sentenced him, and later revoked his probation. The record does not contain the transcript of the revocation hearing, and we do not know whether the Petitioner challenged the revocation warrant as untimely in those proceedings. The Petitioner did not appeal the revocation order. See T.C.A. § 40-35-311(e)(2) (Supp. 2011) (appeal as of right of an order revoking probation); T.R.A.P. 3(b) (same). Instead, he made a motion for the court to clarify how the consecutive sentences were to be served. The court addressed the issue in a written order and corrected judgments.

The original judgments in case 01-576 stated that the two-year sentence was to be served consecutively to the eight-year sentence in case 01-776. The original judgments in case 01-776 stated the opposite, that the eight-year sentence was to be served consecutively to the two-year sentence in case 01-579. The original judgments are erroneous because they do not resolve which sentence is to be served first and which is to be served last. Although the record does not reflect that the court explicitly found that the judgments in case 01-579 contained clerical mistakes, it is obvious that the court viewed those judgments to contain clerical mistakes. In its corrected judgment for count 1 of case 01-579, the court used the following language in the special conditions section: "This is a corrected judgment in that the reference in the original judgment indicating that the sentence in this indictment must be

served consecutively to #01-776 has been deleted <u>to reflect the intent of the Court and the parties</u> that #01-776 is consecutive to this docket number and not the opposite." (Emphasis added.) The court's written order also reflects that it interpreted Tennessee Rule of Criminal Procedure 32(c)(3)(C) as requiring that he serve the sentence for the second offense committed while on bond consecutively to the sentence for the first offense. Rule 32 does not require a specific order of sentences when a defendant commits an offense while on bond for a previous offense, only that there be consecutive service of the two sentences. <u>Blanton</u>, 926 S.W.2d at 961. That said, the order in which the sentences are imposed by virtue of the judgments and corrected judgments was not illegal.

The trial court had the authority to correct clerical mistakes in the judgments at any time. <u>See</u> Tenn. R. Crim. P. 36. In the present case, the court exercised its authority to correct the clerical mistakes regarding the order of the consecutive sentences. The Petitioner did not seek to appeal the trial court's action in correcting the judgments. Whether the court made an error of law in its interpretation of Rule 32 when it corrected the clerical errors, the corrected judgments do not reflect illegal sentences and do not form a basis for habeas corpus relief.

The Petitioner contends, in any event, that his eight-year sentence expired before the Madison County court revoked his probation, despite the language of the judgment in case 01-776 imposing an eight-year sentence to be served consecutively to the two-year sentence and the language of the corrected judgment in case 01-579 requiring that the two-year sentence be served first. On their face, the judgment for counts 1 and 2 of case 01-776 and the corrected judgment for count 1 of case 01-579 reflect that the two-year sentence has expired but that the Petitioner's eight-year sentence has not expired. Because the judgments do not reflect that the eight-year sentence has expired, habeas corpus relief is not available. <u>See</u> <u>Archer</u>, 851 S.W.2d at 164.

The trial court did not err in dismissing the petition without a hearing. The Petitioner's claims are not properly the subject of a habeas corpus action. <u>See</u> <u>Young v. State</u>, 101 S.W.3d 430, 433 (Tenn. Crim. App. 2002) (holding that a habeas corpus action was not the proper avenue for a collateral attack on probation revocation proceedings).

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE